IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Carolyn Anderson, Duly appointed Guardian Ad Litem for Tario Eugene Anderson and in her individual capacity, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Ryan Weeks and Anthony Collier, )<br><br>Defendants. ) | Civil Action No. 6:15-3259-KFM<br><br>**<u>JURY INSTRUCTIONS</u>** |

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law that applies to this case. These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what the plaintiffs must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts, you must apply the law as I give it to you. You are bound to accept the rules of law as I give them to you whether you agree with them or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return -that is a matter entirely for you to decide.

## Plaintiffs

In this case, there is technically one plaintiff, Carolyn Anderson - as guardian ad litem for Tario Anderson and in her own individual capacity. However, I will use the plural "plaintiffs" throughout the instructions on the general rules defining your duties. In the specific instructions on each claim, I will make clear who is bringing the claim and what must be proven as to that claim.

## Burden of Proof

At the beginning of the case, I told you that the plaintiffs have the burden of proving the case by a preponderance of the evidence. That means that the plaintiffs have to produce evidence that, considered in the light of all the facts, leads you to believe that what the plaintiffs claim is more likely true than not. To put it differently, if you were to put the plaintiffs' and the defendants' evidence on opposite sides of the scales, the plaintiffs would have to make the scales tip slightly on that side. If the plaintiffs fail to meet this burden, the verdict must be for the defendants. Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That is a stricter standard; in other words, it requires more proof than a preponderance of evidence. The

2

reasonable doubt standard does not apply to a civil case, and you should therefore put it out of your mind.

## Evidence

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of witnesses, both on direct and cross examination, regardless of who called the witness;

(2) the exhibits that have been received into evidence; and

(3) any facts to which all the lawyers have agreed to stipulate, or that I instruct you to find.

## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the

3

evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given you.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4

## Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

## Credibility of Witnesses

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including the following:

(1) Was the witness able to see, or hear, or know the things about which that witness testified?

(2) How well was the witness able to recall and describe those things?

(3) What was the witness's manner while testifying?

5

(4) Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

(5) How reasonable was the witness's testimony considered in light of all the evidence in the case?

(6) Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail. These are some of the factors you may consider in deciding whether to believe testimony. The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other. All of these are matters for you to consider in finding the facts.

6

## **<u>Deposition Testimony</u>**

During the trial of this case, certain testimony has been introduced by way of deposition.  A deposition is the sworn testimony of a witness that is recorded prior to trial.  The testimony of a witness is presented either in writing or by videotape when that witness is unavailable for trial. Such testimony is entitled to the same consideration, and, insofar as possible, is to be judged as to credibility and weighed by you in the same manner as if the witness had been present.

I will now instruct you on the rules of law that apply in this case.

## Excessive Force

Carolyn Anderson, on behalf of Tario Anderson in her position as his guardian ad litem, alleges that the defendants used excessive force in arresting Tario in violation of his rights under the United States Constitution.  Federal  law provides that a plaintiff may recover damages if a defendant, acting under color of law, deprived him of a right guaranteed by the Constitution.  The right at stake here is the right to be free from the use of excessive force.  The parties have agreed that the defendants acted under color of law.  The only issue for you, therefore, is the issue of excessive force.  You are not to determine whether the subsequent arrest was legitimate or appropriate and lawful.

Every person has the constitutional right not to be subjected to unreasonable or excessive force by a law enforcement officer.  On the other hand, in making an investigatory stop or arrest, an officer has the right to use such force as a reasonable officer would believe is necessary under the circumstances to complete the investigatory stop or to effectuate what a reasonable officer would believe to be a lawful arrest.  Whether or not the force used was unnecessary, unreasonable, or excessively violent is an issue for you to decide on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied under the same circumstances disclosed in this case.  The test of reasonableness is

8

not capable of precise definition or mechanical application. The test of reasonableness requires careful attention to the facts and circumstances including, but not limited to, the severity of the crime the officers were investigating; whether Tario Anderson posed an immediate threat to the safety of the officers or others; and whether Tario Anderson was actively resisting the investigatory stop or arrest.

Under the Fourth Amendment, to properly consider the reasonableness of the force employed in effectuating an arrest, the force must be viewed in full context, with an eye toward the proportionality of the force in light of all the circumstances.

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. With respect to a claim of excessive force, the standard of reasonableness at that moment applies. Not every push or shove, even if it may later seem unnecessary, violates the Constitution. The determination of reasonableness must allow for the fact that police officers are often forced to make split second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation.

The "reasonableness" inquiry is an objective one. The question is whether an officer's actions are "objectively reasonable" in light of all the facts and circumstances confronting him, without regard to his underlying intent or motivation. Evil intentions will not make a constitutional violation out of an objectively reasonable use

9

of force, and good intentions will not make an unreasonable use of force proper.

In order to prove the claim of unconstitutionally excessive force, the following must be proven by a preponderance of the evidence:  That the defendants intentionally, rather than negligently, used unconstitutionally excessive force as I have defined it against Tario Anderson.   However, it is not necessary to find that the defendants had any specific purpose or desire to deprive Tario Anderson of his constitutional rights in order to find in favor of the plaintiff.  The plaintiff must prove only that the action was deliberate, and not that the consequence was intended.   Mere negligence, however, is not sufficient.  Plaintiff Tario Anderson is entitled to relief only if the defendants intentionally acted in a manner that resulted in a violation of his constitutional rights.

## **Excessive Force  - Compensatory Damages**

If you find that the defendants used excessive force against Plaintiff Tario Anderson and thereby caused damages to him, you will then assess an amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all this plaintiff's damages caused by that conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants.  You may award only such damages as you find by a preponderance of the evidence or caused by unconstitutionally excessive force as I have defined it.   It is not necessary for the plaintiff to prove the

10

amount of his damages with certainty. On the other hand, the plaintiff is not to be awarded purely speculative damages.

The plaintiff has the duty to mitigate his damages - that is, to take reasonable steps that would reduce the damages. If he fails to do so, then he is not entitled to recover any damages that he or she could reasonably have avoided incurring. The defendants have the burden of proving by a preponderance of the evidence that the plaintiff failed to take such reasonable steps.

The elements of damages that you may consider are as follows:

(1)    Reasonable past and future medical expenses incurred by Plaintiff Tario Anderson in securing treatment for injuries caused by the defendants' conduct.

(2)    An amount for any pain and suffering, emotional distress, and humiliation that you find from the evidence that Plaintiff Tario Anderson endured or will endure as a result of the excessive force. Even though it is obviously difficult to establish a standard of measurement for this element, that difficulty is not grounds for denying recovery. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view but from a fair and impartial point of view of the amount of pain

11

and suffering, emotional distress and humiliation that the plaintiff incurred or will incur as a result of the excessive force and he must place a money value on this, attempting to come to a conclusion that will be fair and just to the parties. This may be difficult for you to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages.

(3)    If you find that Plaintiff Tario Anderson has proven by a preponderance of the evidence that the defendants violated his constitutional rights but that he has not proven any actual injury caused by the violation, you must nevertheless award the plaintiff nominal or token damages such as $1 or some other minimal amount. This is so because the law recognizes that the denial of constitutional rights is itself an injury that should be recognized without regard to whether actual damages have been proven.

## Excessive Force  - Punitive Damages

If you have awarded compensatory or nominal damages to Plaintiff Tario Anderson, you may also award punitive damages to him under some circumstances.   To obtain punitive damages,

Plaintiff Tario Anderson must prove by a preponderance of the evidence that the defendants either knew that their actions violated federal law, or that they acted in reckless or callous indifference to that risk.  If the plaintiff satisfies this requirement, it is entirely up to you whether or not to award punitive damages.  However, you should presume that the plaintiff has been made whole by compensatory damages, so you should award punitive damages only if the defendants' culpability is so reprehensible as to warrant further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the amount to be awarded is also within your sound discretion.  The purpose of a punitive damage award is to punish a defendant or to deter a defendant and others from similar conduct in the future.  Factors you may consider include, but not are limited to, the nature of the defendants' conduct (how reprehensible or blame worthy was it), the impact of that conduct on the plaintiff, the ratio between the actual compensatory damages and the punitive damages, the relationship between the plaintiff and the defendants, the likelihood that the defendants or others would repeat the conduct if the punitive award is not made, and any other circumstances shown by the evidence, including any mitigating or extenuating circumstances that bare on the question of the size of such an award.  You may determine reprehensibility by considering the nature and extent of the harm; whether the conduct showed indifference to or disregard for the health or safety of others; whether the conduct involved repeated

13

actions or was an isolated instance; and whether the harm was the result of intentional malice.

## Intentional Infliction of Emotional Distress

Plaintiff Carolyn Anderson, in her individual capacity, alleges a claim for intentional infliction of emotional distress against the defendants.  The tort of intentional infliction of emotional distress, also known as the tort of outrage, is defined as:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

In order to recover for the intentional infliction of emotional distress, Plaintiff Carolyn Anderson must establish:

> (1)   The defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from his conduct;

> (2)   The defendant's conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as

14

atrocious and utterly intolerable in a civilized community;

(3)    The actions of the defendant caused  her emotional distress; and

(4)    The emotional distress she suffered was so severe so that no reasonable person could be expected to endure it.

Although severe emotional distress is usually manifested by shock, illness, or other bodily harm, such objective symptoms are not an absolute prerequisite for the recovery of damages for intentional infliction of emotional distress.

The defendant's conduct must be extreme and outrageous, exceeding all bounds of decency, atrocious, and utterly intolerable. Abusive conduct by a defendant in actual or apparent authority over a plaintiff, or with the power to affect the plaintiff's interest, may, but does not necessarily, give rise to a characterization of the conduct as outrageous. Conduct may, but not necessarily, be adjudged outrageous because a defendant acts with knowledge that a plaintiff is peculiarly susceptible to emotional distress.

The law limits claims of intentional infliction of emotional distress to outrageous conduct by a defendant that is directed toward a plaintiff.   It is not enough that the conduct is intentional and

outrageous. It must be conduct directed at the plaintiff, or must occur in the presence of a plaintiff of whom the defendant is aware.

Each defendant's conduct is to be judged by an objective standard-whether it can reasonably be considered extreme, outrageous and utterly intolerable in a civilized society.

Liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime, a plaintiff must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt. There must still be freedom to express an unflattering opinion and some safety valve must be left through which angry tempers may blow off relatively harmless steam.

Liability for intentional infliction of emotional distress only applies when severe emotional distress has resulted. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no reasonable person could be expected to endure it.

There are situations when a plaintiff may recover for intentional infliction of emotional distress for harm they suffer as the

16

result of acts that have injured another. Where such extreme and outrageous conduct is directed at a third person, the defendant is subject to liability if he intentionally or recklessly causes severe emotional distress:

> (1)   To a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm; or

> (2)   To any other person who is present at the time, if such distress results in bodily harm.

Such recovery is limited to the most extreme cases of violent attack, where there is some special likelihood of fright or shock.

### <u>Intentional Infliction of Emotional Distress</u> - <u>Compensatory Damages</u>

Actual damages are properly called compensatory damages, meaning to compensate, to make the injured party whole, to put her in the same position she was in prior to the damages received insofar as this is monetarily possible. In other words, actual or compensatory damages include compensation for all injuries that are naturally the proximate result of the alleged wrongful conduct of the defendants.

The basic measure of actual damages is the amount needed to compensate the plaintiff for the losses proximately caused by the defendant's wrong so that the plaintiff will be in the same position she would have been in if there had been no wrongful injury.

The plaintiff bears the burden of proving by the preponderance of the evidence that she is entitled to compensatory damages.

If you find that Plaintiff Carolyn Anderson has proven by a preponderance or greater weight of the evidence that one or both defendants committed intentional infliction of emotional distress as I have defined it for you, including the element of severe emotional distress so severe that no reasonable person could be expected to endure it, then you must address the actual or compensatory damages to which she may be entitled.

Pain and suffering is a material element of damages on which a recovery may be based. The plaintiff is entitled to compensation for her pain and suffering directly resulting from the wrongful acts of the defendant.

An award for pain and suffering compensates the injured person for the physical discomfort and the emotional response to the sensation of pain caused by the injury itself. In making an estimate of damages to be awarded for pain and suffering, you may consider:

18

(1)   The nature and extent of the injuries and the suffering occasioned by them and its duration or prospective duration;

(2)   The age, health, habits, and condition of the injured party before the injury as compared with her condition afterwards;

(3)   The plaintiff's use of sedatives and other drugs to relieve pain and their effect; and

(4)   Any aggravation of pre-existing disorders by the incident in question.

Pain and suffering have no market price.  They are not capable of exact measurement, and there is no fixed rule or standard whereby damages for them can be measured.

The amount of damages to be awarded for pain and suffering must be left to the judgment of you, the jury.

The amount of loss is not required to be proven to an absolute or mathematical certainty.  However, the amount of damages cannot be left to conjecture, guess or speculation. Damages must be ascertainable with a reasonable degree of certainty.

19

A party who has suffered injury or damage from the actionable conduct of another is under a duty to make all reasonable efforts to minimize the damages incurred. To the extent that she reasonably could have so minimized those damages and failed to do so, she is not entitled to recover from the other party. In other words, one cannot recover any damages that might have been avoided by the use of reasonable care and diligence. A plaintiff's failure to mitigate damages allows the defendant to avoid only those damages that reasonably could have been avoided by the plaintiff.

An injured party is required to do that which an ordinary, prudent person would do under similar circumstances to mitigate his damages. However, the injured party is not required to unreasonably exert herself or incur substantial expense in an effort to mitigate damages.

The party who claims damages should have been minimized has the burden of proving they could have been avoided or reduced.

## **Multiple Defendants**

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. All instructions I give you govern the case as to each defendant.

20

## **Duty to Deliberate**

The foreperson you select will preside over the deliberations and speak for the jury here in court. When you go to the jury room, constantly keep in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence presented here in this courtroom.  Remember also that your verdict must be unanimous.   In order to return a verdict, it must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.  Remember at all times, you are not partisans.  You are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence presented to you.

## **Return of Verdict**

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the forms that have been given to

you, sign, and date the forms and advise the Court Security Officer outside your door that you are ready to return to the courtroom.

## **Communicating with the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing or orally here in open court.  Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

In just a moment, you will return to the jury room to begin deliberations.  Please do not discuss the case or begin deliberating until I send word for you to begin.  We will gather all the evidence

that has been admitted and bring that to you.  Regarding the exhibits, you may see court stickers with different numbers.  Do not be concerned about whether the numbers are in order.  The parties pre-marked exhibits prior to trial, and only those exhibits admitted into evidence during the trial will be provided to you for consideration during your deliberations.

Also, there are two video exhibits that you have seen here in court that were admitted as evidence.  Should you need to see those again, please let me know, and I will bring you back into open court to allow you to do that.

Once you have all the exhibits and receive word from me to begin deliberating, the first thing I want you to do is to choose a foreperson.  As I indicated earlier, the foreperson will sign the verdict forms should you reach a unanimous verdict.

Please retire now to your jury room, but do not begin your deliberations until I take up one additional matter with the attorneys. We will send you word when you may begin your deliberations.

23